**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JORGE ROSERO OCAMPO,

    Petitioner,

v.                                                    CASE NO.  8:00-CR-117-T-30MSS
                                                                 8:06-CV-2098-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court is a petition for writ of habeas corpus filed *pro se* on November 6, 2006, pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner, an inmate at the Federal Correctional Facility, McRae, Georgia, asks this Court to vacate a conviction and sentence entered in the above referenced criminal case on July 20, 2001 (Dkt. 1 at 2).

The claim Petitioner presents in his petition has been asserted previously in the motion to vacate, set aside, or correct an allegedly illegal sentence Petitioner filed pursuant to 28 U.S.C. § 2255. *Ocampo v. United States*, Case No. 8:05-CV-973-30MSS (M.D. Fla. 2005).  Having determined that Petitioner failed to file his motion within the statutory limitation period, the Court dismissed Petitioner's § 2255 motion on July 25, 2005. *Id.* at Dkt. 7. The Eleventh Circuit rejected Petitioner's request for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P., and 28 U.S.C. § 2253 on January 10, 2006, *see Ocampo v. United States*, Case No. 05-15663-F (11th Cir. 2005).

Congress has established the scope of review for petitions for federal habeas relief. See 28 U.S.C. §§ 2241-2254. Section 2241 contains the basic authorization of the federal courts to issue the writ, with its subsection (c) setting forth the conditions under which the

writ may "extend to a prisoner." Section 2241 is the proper vehicle used by federal prisoners to attack the manner in which a sentence is being executed. *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984) (citing *United States v. Addonizio*, 442 U.S. 178 (1979)). A § 2255 motion is generally the proper means of attack for federal prisoners asserting errors that occurred during or before sentencing. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255" (citation omitted)); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner is a "prisoner in custody under sentence of a court established by Act of Congress" challenging the legality of his sentence, the petition should be filed pursuant to § 2255. Since Petitioner has, however, previously sought collateral relief pursuant to § 2255, this new action is a second or successive action.

The Antiterrorism and Effective Death Penalty Act of 1996 contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. "[A] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. *See* 28 U.S.C. 2244(a) (stating that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). *See also* 28 U.S.C. § 2244(b);

*Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Because Petitioner's prior action was brought pursuant to §2255, the preclusion against second or successive petitions applies to this challenge to his conviction. *Id.* at 1245.

A provision of § 2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added). The burden to show that § 2255 relief would be ineffective is on the petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[1] *See also Wofford*, 177 F.3d at 1244. Restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Id.* at 1237. The saving clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Id*. Petitioner must satisfy all three criteria in order to avail himself of the § 2241 remedy under *Wofford*, a burden Petitioner has failed to carry.

Petitioner's only challenge is to his sentence. Petitioner contends that his "252 month sentence is clearly excessive in view of a five (5) kilogram jury verdict." In support of his argument, Petitioner cites *United States v. Booker*, 543 U.S. 220 (2005) (finding that

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner cannot proceed under the savings clause because he fails to meet the first prong of the Wofford test.

> As to the first prong, the constitutional rule announced in *Blakely* and *Booker* "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, ___U.S.___, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005). *Apprendi* also does not apply retroactively on collateral review. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Collazo does not point to any other Supreme Court decisions in support of his claims. Therefore, Collazo has failed to satisfy the first prong of the *Wofford* test, and we need not address the remaining prongs. Further, because Collazo failed to "open the portal" to § 2241, we do not reach the merits of his claims.

*Collazo v. United States*, 190 Fed.Appx. 759 (11th Cir. 2006). Petitioner does not point to any Supreme Court decision with retroactive effect in support of his claims. Having determined that Petitioner has failed to meet the first prong of the *Wofford* test, the Court need not address the remaining prongs. *See Wofford*, 177 F.3d at 1244.

Petitioner has failed to persuade this Court that the remedy under § 2255 is inadequate or ineffective or that he has applied to the court of appeals for an order authorizing this Court to consider his petition. The Court concludes, therefore, that it is without jurisdiction to entertain the petition. This case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice (Dkt. 1).

  2.  The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

  3.  The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2006.

            */s/ James S. Moody, Jr.*
            JAMES S. MOODY, JR.
            UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
*Pro Se* Petitioner

SA:jsh